**JIAN PING LIU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70718.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed June 5, 2007.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald A. Couvillon, Esq., Joan E. Smiley, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, District Director, Office of the District Director, Hagatna, GU, for Respondent.

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

---

## MEMORANDUM *

Jian Ping Liu, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his petition for asylum and withholding of removal. Among other bases for his political persecution claim [1], Liu claims that he was forcibly sterilized under China's coercive population control policies. The BIA affirmed the Immigration Judge's ("IJ") adverse credibility determination and found an additional basis supporting it. Because neither the BIA's nor the IJ's adverse credibility decision was supported by substantial evidence, we reverse the adverse credibility finding, *Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir.2004). We hold that Liu is eligible for asylum and we grant Liu's petition for withholding of removal. *Qu v. Gonzales*, 399 F.3d 1195, 1203 (9th Cir.2005).

■ The IJ improperly based his credibility determination on testimony regarding the specific date Liu began practicing Falun Gong. Inconsistencies regarding specific dates "that reveal nothing about a petitioner's credibility cannot form the basis of an adverse credibility finding." *Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000). In fact, Liu's testimony was consistent with the assertion in his declaration that he began practicing Falun Gong after arriving in Guam. The exact date he started practicing after he arrived in Guam neither goes to the heart of nor enhances his claim.

■ Nor does substantial evidence support the IJ's statement that Liu was not

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. Because we conclude that Liu is statutorily eligible for asylum based on his forced sterili-

zation claim, we need not address Liu's detention for participation in a pro-democracy demonstration or his practice of Falun Gong.

credible because, according to the State Department Country Reports, the pro-democracy demonstration in which he participated consisted primarily of students and intellectuals. We "will not infer that a petitioner's otherwise credible testimony is not believable merely because the events he relates are not described in a State Department document." *Chand v. INS*, 222 F.3d 1066, 1077 (9th Cir.2000). The IJ's finding is also contradicted by the 1995 Country Report which states that there was limited participation by workers and other citizens at the demonstration.

■ The IJ also mistakenly reasoned that while Liu claimed he was forcibly sterilized, the "background information in the record indicates that China does not use force or compulsion" in its population control practices except on "rare occasions." All three State Department Country Reports in the record contradict this finding. They each state that force has been used by local officials in carrying out coercive population control policies.

■ Nor was the BIA's finding that Liu was not credible due to his failure to mention his forced sterilization claim on his initial asylum application supported by substantial evidence. "A failure to state each and every ground for a claim of political asylum at the time of the initial application should not prejudice that claim, and particularly not where the petitioner subsequently provides documentation to support his testimony." *Aguilera–Cota v. INS*, 914 F.2d 1375, 1382–83 (9th Cir. 1990). Liu provided medical evidence that he had suffered a vasectomy and amended his application to include the sterilization claim before his asylum hearing took place.

■ The IJ's finding that, even if his testimony were deemed credible, Liu failed to demonstrate that he suffered past persecution because he was not "forced" to have a vasectomy is also not supported by substantial evidence. "[A]n asylum applicant seeking to prove he was subjected to a coercive family planning policy need not demonstrate that he was physically restrained during a 'forced' procedure. Rather, 'forced' is a much broader concept, which includes compelling, obliging, or constraining by mental, moral, or circumstantial means, in addition to physical restraint." *Ding v. Ashcroft*, 387 F.3d 1131, 1139 (9th Cir.2004). Liu credibly testified that birth control officials threatened to "take down" his home if he did not undergo the procedure and began to carry out that threat by breaking the door and shattering the windows of his house. Liu's testimony, combined with the corroborating medical evidence that he underwent a vasectomy, demonstrates that Liu was forcibly sterilized.

"[A] person who has been forced to . . . undergo involuntary sterilization . . . shall be deemed to have been persecuted on account of political opinion. . . ." 8 U.S.C. § 1101(a)(42)(B). We have previously held that a victim of forced sterilization is statutorily eligible for asylum. *He v. Ashcroft*, 328 F.3d 593, 604 (9th Cir.2003). Because we conclude that, contrary to the IJ's determination, Liu is statutorily eligible for asylum, we remand for the Attorney General to exercise discretion on Liu's asylum claim.[2]

"[W]hen an applicant suffers past persecution by means of an involuntary sterilization in accordance with a country's coercive population control policy, he is entitled by virtue of that fact alone to withholding

---

**2.** Liu sufficiently raised the IJ's discretionary denial of asylum in his Notice of Appeal and brief before the BIA. Thus, we reject the government's argument that Liu is ineligible for asylum because he failed to exhaust his administrative remedies.

of removal." *Qu*, 399 F.3d at 1203. We therefore grant Liu's petition for withholding of removal.

**GRANTED.**